ESTATE OF KERWIN: GUSTAFSON and others, Appellants, vs. KERWIN, Respondent.

*September 10—October 22, 1946.*

For the appellants there were briefs by *Adams & Adams* of Beloit, and oral argument by *H. W. Adams*.

For the respondent there was a brief by *Dougherty, Grubb & Ryan* of Janesville, and oral argument by *W. H. Dougherty*.

ROSENBERRY, C. J. With respect to the competency of the testator, there was the testimony of lay and expert witnesses and this was true also of the contention that the testator had been subject to undue influence on the part of William E. Kerwin.

The court gave very careful consideration to the case, made an extended statement of the facts established by the evidence, considered the questions of law raised on the trial and made conclusions of law upon all contested questions.

It would serve no useful purpose to set out in this opinion a synopsis of the facts. It would require many pages and, no matter how carefully done, would be unsatisfactory when done. We have carefully considered the evidence and the questions raised in briefs of counsel for the objectors and we are of the opinion that the evidence fully sustains the findings of the court and that the findings support the conclusions of law reached by the trial court.

While there is a good deal of conflict in the opinion evidence as to the competency of the testator, the state of the record is such that it cannot be said that the findings of the trial court are contrary to the great weight and clear preponderance of the evidence.

Upon the question of undue influence upon the testator by William E. Kerwin, we find no substantial evidence sustaining the position of the objectors. It is true that they were brothers. It is also true that they had a common deposit box but we are strongly impressed by the evidence that the deceased was the dominant character of the two. He does not appear to have been subject to undue influence. On the contrary, he appears to have had his way in most matters concerning the family.

Upon the whole case, it is considered that the judgment is right and should be affirmed.

*By the Court.*—Judgment affirmed.